UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONJA L. CHRISTIAN, SS# 000-00-
8008,
Plaintiff-Appellant,

v.                                                                  No. 98-1673

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen E. Conrad, Magistrate Judge.
(CA-96-234-B)

Submitted: November 24, 1998

Decided: December 31, 1998

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. James A. Winn, Chief Counsel, Region III, Patricia M. Smith,
Deputy Chief Counsel, Andrew C. Lynch, Assistant Regional Coun-
sel, Office of the General Counsel, SOCIAL SECURITY ADMINIS-
TRATION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United
States Attorney, Alonzo H. Long, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sonja L. Christian appeals from the magistrate judge's[1] order affirming the Commissioner of Social Security's (Commissioner) finding that she is not disabled and therefore not entitled to Supplemental Security Income (SSI). Finding no error, we affirm.

On March 3, 1994, Christian filed an application for SSI benefits, alleging that she has been disabled since October 11, 1991, due to epilepsy and mental dysfunction. Christian's application was denied initially and upon reconsideration. An administrative law judge ("ALJ") conducted a de novo review, including a hearing on April 4, 1995, at which Christian was represented by counsel.

Christian testified at the hearing that she feels sad, hopeless, and worthless. She stated that she has crying spells and has pain in her left knee when she stands or sits for long periods.[2] She suffers from a seizure disorder, but she takes medication and consequently has not had a seizure since 1989. Her activities include household chores, cooking, laundry, getting her child ready for school, watching television, going to church and football games, and socializing with her grandmother. From June 1991 to September 1991, Christian was treated at the Lee County Counseling Center where she attended five individual counseling sessions. Counselors diagnosed Christian as having dysthymia and described her as being worried, immature, and a tense person who lacked self-confidence. In April and May 1994, Christian returned to the Center and attended three additional individual sessions, but she never established treatment goals or responded to

_____

[1] The parties agreed to have a federal magistrate conduct the case pursuant to 28 U.S.C. § 636(c) (1994) and Fed. R. Civ. P. 73.
[2] Even though Christian testified that she has suffered knee pain for a while, she failed to mention the problem in her disability report.

follow-up letters to schedule future appointments. She was diagnosed as having Post Traumatic Stress Disorder based on past sexual abuse.

In August 1994, Dr. Rupinder Kaur examined Christian and prescribed medication for depression. In September and October 1994, Dr Kaur reported that Christian did not feel as depressed and was not as tearful. In November 1994, Dr. Kaur assessed Christian's ability to perform work-related mental activities, and he reported that her limitations are serious but are not total limitations as to most key work-related emotional components. Dr. Kaur again assessed Christian's ability in March 1995. His assessment suggested no useful ability to function as to most of Christian's work-related emotional components. In January 1995, Dr. Kaur reported that Christian continued to experience crying spells, but in February 1995, reported that she was "able to function reasonably well."

In December 1994, Christian was evaluated by Dr. Marshall Hogan. Based on a single clinical interview, Dr. Hogan diagnosed Christian with moderately severe dysthymic disorder. He noted that Christian was making significant improvement under Dr. Kaur's care. Dr. Hogan's assessment of Christian's mental ability for work-related activities revealed that she experiences satisfactory ability to function as to most work-related activities. Dr. Hogan noted limited though satisfactory ability to deal with work stresses and execute detailed job instructions, and he also reported Christian's capacity to execute complex job instructions was severely limited.

In December 1994, Christian was treated by Dr. David K. Garriott, who performed a consultative neurological evaluation. Dr. Garriott found that Christian's seizures are well controlled by medication and that Christian had a normal neurological examination. Dr. Garriott considered Christian's ability to stand, walk, and sit, and he concluded that those functions were not affected by Christian's impairments.

In a March 1995 assessment, Dr. Kelly Taylor, II, stated that Christian suffered from musculoskeletal problems, including tendinitis of the left knee. Dr. Taylor reported that Christian's capacity for standing and walking is greatly limited by the pain in her left knee and that Christian is unable to sit for more than three or four hours at a time.

3

Dr. Taylor noted substantial limitations in various postural activities, and he reported that Christian's primary disability is based on psychiatric factors.

The ALJ found that Christian had no past relevant work. The ALJ determined that Christian suffered from tendinitis in the left knee, seizure disorder, obesity, and symptoms of depression. Based on the testimony of a vocational expert, the ALJ further found that Christian retains sufficient functional capacity for light exertional activity. In so finding, the ALJ discounted Dr. Kaur's assessment, finding that the assessment was not supported by objective findings or the record as a whole. The ALJ noted that before Christian filed for disability benefits, her treatment for depression was limited to a few counseling sessions at the Lee County Counseling Center. The Appeals Counsel declined to review the ALJ's decision, rendering it the final decision of the Commissioner. Christian then filed a civil action in the district court. The district court granted the Commissioner's motion for summary judgment, and Christian now appeals.

Christian contends that the ALJ erred in giving controlling weight to the consultative examiner's assessment over the assessment of Christian's own testifying physician, Dr. Kaur. Christian contends that a treating physician's assessment should carry greater weight than that of a consultative physician.

We must uphold the Commissioner's decision in denying disability so long as the decision is supported by substantial evidence and in reaching the ultimate conclusions, the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence has been defined by the Supreme Court as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). We will not reweigh the evidence or substitute our judgment for that of the Commissioner. Hays, 907 F.2d

4

at 1456. An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," see Scivally v. Sullivan, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. See 20 C.F.R. § 404.1527(d) (1998).

Circuit precedent does not require that a treating physician's testimony "be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). While 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) both provide that a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater , 76 F.3d 585, 590 (4th Cir. 1996).

The only evidence substantiating Christian's complaints of mental dysfunction are Dr. Kaur's reports, which when considered in their totality do not support her claims of disabling psychiatric impairment. Dr. Kaur began treating Christian in August 1994, and less than one month later, he reported that Christian seemed less depressed and less tearful. Similarly, Dr. Kaur noted further improvement in October and December 1994. Although Dr. Kaur reported that Christian was experiencing crying spells and depression in January 1995, one month later he opined that she was able to function reasonably well. Aside from Dr. Kaur's work-related medical assessment, all of the remaining medical evidence suggests that Christian's overall impairment is less severe. Dr. Hogan's assessment in December 1994, noted that Christian was experiencing significant improvement under Dr. Kaur's care. Christian's daily regimen and an adequate weighing of the medical evidence of record provides the requisite substantial evidence to support the ALJ's conclusions that, despite her mental and physical impairments, Christian maintains the requisite functional capacity to perform sedentary work. See Richardson, 402 U.S. at 401 (standard of review); see also Craig, 76 F.3d at 589-90 (finding that a treating

5

physician's diagnosis need not be given controlling weight if it is not supported by the record as a whole).

We, therefore, affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

6